**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE TRUNG DANG NGUYEN** **MISCELLANEOUS ACTION**

**No. 26-563**

**SECTION I**

## ORDER AND REASONS

Before the Court is a petition[1] filed by Trung Dang Nguyen ("Nguyen") to amend the birth date on his naturalization certificate. The government opposes the petition.[2] Nguyen filed a reply.[3] For the following reasons, the Court denies Nguyen's petition.

## I. FACTUAL BACKGROUND

Nguyen became a naturalized citizen of the United States on January 24, 1990.[4] His naturalization certificate states that he was born on February 1, 1964.[5] However, in his petition, Nguyen alleges that his "true and correct date of birth is September 20, 1964."[6] Nguyen attached four documents to his petition: (1) a copy of his naturalization certificate; (2) a copy of his alleged birth certificate from Vietnam, dated September 22, 1964, translated by his attorney and listing his birth date as September 20, 1964; (3) a copy of his U.S. Passport, which expired on October 25,

[1] R. Doc. No. 1.
[2] R. Doc. No. 7.
[3] R. Doc. No. 8.
[4] R. Doc. No. 7-1, at 6.
[5] R. Doc. No. 1-2.
[6] R. Doc. No. 1, at 1.

2002 and listing his birth date as February 10, 1964; and (4) a copy of his Louisiana driver's license, listing his birth date as September 20, 1964.[7]

While Nguyen did not name any defendants in his petition, the Court provided a copy of the petition to the United States Attorney's Office for the Eastern District of Louisiana and ordered the government to file a response.[8] The government then filed a response opposing Nguyen's motion. In support its opposition, the government attached a copy of Nguyen's Alien File ("A-File"),[9] which "typically contains all the records and information received by [the Department of Homeland Security] (and the former Immigration and Naturalization Service) during the regular course of business regarding the alien's or naturalized citizen's immigration history."[10] The documents in this A-File are certified by a declaration[11] from Courtney C. Iwejor, Director of the New Orleans field office of the United States Citizenship and Immigration Services. Nguyen filed a reply[12] to the government's response.

## II. LEGAL STANDARD

"For two centuries, Congress vested the federal courts with 'exclusive jurisdiction to naturalize persons as citizens of the United States.'" *Collins v. U.S. Citizenship & Immigr. Servs.*, 820 F.3d 1096, 1099 (9th Cir. 2016) (alterations omitted) (quoting 8 U.S.C. § 1421(a) (1988)); *see also Tutun v. United States*, 270 U.S.

[7] R. Doc. No. 1-2; R. Doc. No. 1-3; R. Doc. No. 1-4; R. Doc. No. 1-5.
[8] R. Doc. No. 3; R. Doc. No. 4; R. Doc. No. 6.
[9] R. Doc. No. 7-1, at 6–43.
[10] *Id.* at 2.
[11] *Id.* at 1–5.
[12] R. Doc. No. 8.

568, 577 (1926) (holding that a naturalization proceeding is "a case within the meaning of the Constitution"). The Immigration Act of 1990 ("the Act") transferred the judiciary's naturalization authority to the United States Attorney General, effective October 1, 1991. *Mangriotis v. U.S. Citizenship & Immigr. Servs.*, No. 24-3, 2024 WL 1748425, at *1 (M.D. Ala. Apr. 23, 2024). "Courts retain jurisdiction, however, to amend court-issued naturalization certificates issued prior to the Act's transfer of authority." *In re Bustos*, No. 23-532, 2023 WL 4405119, at *1 (E.D. La. July 7, 2023) (Africk, J.); *see also Collins*, 820 F.3d at 1100 ("[T]he federal courts may appropriately exercise jurisdiction over [a petitioner's] petition to modify his court-issued certificate of naturalization under 8 U.S.C. § 1451(i) (1988).").

While no statute or rule expressly governs the procedure for considering petitions to amend a certificate of naturalization, this Court "generally has the authority to 'correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.'" *Id.* at *1 n.6 (quoting Fed. R. Civ. P. 60(a)); *see, e.g.*, *In re Levis*, 46 F. Supp. 527, 529 (D. Md. 1942) (amending a court-issued certificate of naturalization pursuant to Rule 60(a)). The Court may also "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see, e.g.*, *Lam v. U.S. Citizenship & Immigr. Servs.*, No. 23-1957, 2023 WL 8547697, at *3 (C.D. Cal. Dec. 8, 2023) (analyzing a petition to amend a court-issued certificate of naturalization pursuant to Rule 60(b)); *Ampadu v. U.S. Citizenship & Immigr. Servs., Dist. Dir.*, 944 F. Supp. 2d 648, 656 (C.D. Ill. 2013) (same).

"Petitioner bears the burden to show that the birth date on his certificate of naturalization is incorrect." *Duc Minh Ha v. U.S. Citizenship & Immigr. Servs.*, No. 05-59, 2006 WL 1997360, at *1 (D. Minn. July 14, 2006). "Most cases suggest that a petitioner must offer 'unequivocal evidence' of his true date of birth to obtain an amended certificate." *Hussain v. U.S. Citizenship & Immigr. Servs.*, 541 F. Supp. 2d 1082, 1085 (D. Minn. 2008) (collecting cases); *see also Lashkariani v. U.S. Citizenship & Immigrant Servs.*, No. 11-733, 2012 WL 3615460, at *3 (D. Nev. Aug. 21, 2012). "Some courts, however, have required a showing of 'clear and convincing' evidence or 'good cause.'" *Bustos*, 2023 WL 4405119, at *2; *see, e.g.*, *Mangriotis*, 2024 WL 1748425, at *3 (clear and convincing evidence); *Pyun v. Jarina*, No. 07-2817, 2009 WL 1636272, at *2 (W.D. Tenn. June 11, 2009) (clear and convincing evidence); *Kouanchao v. U.S. Citizenship & Immigr. Servs.*, 358 F. Supp. 2d 840, 843 (D. Minn. 2005) (good cause). This Court has previously noted that:

> Despite these apparently differing standards, a general pattern has emerged: where courts have denied petitions to amend, the evidence supporting the petition was quite weak—sometimes bordering on the unbelievable—and there was often some indication of fraud or bad faith on the petitioner's part. Conversely, in cases in which courts have granted petitions to amend, there was strong evidence that the birth date on the certificate was incorrect, and there was no indication that the petitioner had acted fraudulently or in bad faith.

*Bustos*, 2023 WL 4405119, at *2 (citation modified); *see also In re La*, No. 23-33, 2023 WL 8189337, at *5 (D.N.J. Nov. 27, 2023).

## III. ANALYSIS

Regardless of the applicable burden of proof, the Court finds that Nguyen has failed to satisfy it by demonstrating that his true birth date is different from the one on his naturalization certificate. The primary document he offers in support of his claimed birth date is a birth certificate, written in Vietnamese and translated by his attorney. While he describes it as "certified," he offers no evidence to support the authenticity of this document.[13] He does not explain its origin or why he has not produced it in the thirty-six years since his naturalization. *See Duc Minh Ha*, 2006 WL 1997360, at *7 ("[T]his Court questions why it took Petitioner until March 2005, almost ten years after the normalization of relations with Vietnam, to obtain his birth extract."). The Court is also reluctant to rely on the birth certificate produced by Nguyen because it contains a different birthplace than any of the documents in his A-File. The certificate states that Nguyen was born in "Vinh Thanh-Bien Hoa,"[14] whereas every document in his A-File that provides his birthplace states that he was born in Long Xuyen.[15] According to the government, these two locations are 122 miles apart.[16]

---

[13] R. Doc. No. 1, at 2.
[14] R. Doc. No. 1-3, at
[15] R. Doc. No. 7-1, at 15 (Form I-64); *id.* at 15 (Form G-361); *id.* at 16 (Form I-181, Memorandum of Creation of Record of Lawful Permanent Residence); *id.* at 25 (Form 590, Registration for Classification as Refugee Status); *id.* at 32 (American Council of Voluntary Agencies for Foreign Service, Inc. Form #1).
[16] R. Doc. No. 7, at 7.

Nguyen claims that the inconsistencies in his date of birth and his birthplace were mistakes made in 1981 by a refugee intake worker in Indonesia.[17] He asserts that these mistakes were "mechanically copied forward onto every subsequent form generated by the refugee-resettlement and immigration bureaucracy."[18] But Nguyen offers no evidence in support of this claim. He executed many of the documents in his A-File himself, none of which list his birth date as September 20, 1964.[19] Nguyen has not indicated why he continued to stand by an allegedly false birth date throughout his immigration proceedings. *See Bustos*, 2023 WL 4405119, at *2 ("Bustos does not explain or acknowledge the previous representations made to the government, and signed by him, indicating that he was born in 1956."); *Duc Minh Ha*, 2006 WL 1997360, at *2 ("Petitioner offers no such justification for obtaining documents with a supposedly incorrect birth date.").

The only document in Nguyen's A-File that corroborates the birth date on his birth certificate is an affidavit completed by his father, Nguyen Dang Boi, for the United States Catholic Conference on July 31, 1981.[20] And, the only identification

---

[17] R. Doc. No. 8, at 2.
[18] *Id.*
[19] Most list his birth date as February 1, 1964. *See* R. Doc. No. 7-1, at 9 (Form N-405, Petition for Naturalization); *id.* at 11 (Form N-400, Application to File Petition for Naturalization); *id.* at 23 (Form G-325, Biographic Information); *id.* at 25 (Form 590, Registration for Classification as Refugee Status); *id.* at 39 (Form I-485C, Application by Indochinese Refugee for Permanent Residence); *id.* at 41 (Arrest Record Release). His Form I-485C lists his birth date as both January 1 and February 1, 1964. *Id.* at 36, 39. Its signature line is dated but no signature is visible. *Id.* at 37. On his Form G-325A, his birth date is written only as January 1, 1964. *Id.* at 40 (Form G-325A, Biographic Information).
[20] R. Doc. No. 7-1, at 28–29.

document with this birth date is his current Louisiana driver's license.[21] While both these documents are evidence of his date of birth, they are far outweighed by the rest of the record. Nguyen does not explain why his father's affidavit is more reliable than the numerous documents he executed himself. Nor does he explain why the State of Louisiana chose to accept his claimed birth date rather than the one on his naturalization certificate.

The only reason Nguyen gives for seeking to amend his naturalization certificate now is that the alleged mistake "has caused and continues to cause difficulties in obtaining and correcting governmental documents."[22] He asks the Court to order the Department of State to issue him a corrected passport.[23] But, to support this statement, he produced a copy of his U.S. passport that expired in 2002 and lists his birth date as February 10, 1964, a date that does not appear on any of his other documentation.[24] Nguyen's petition does not explain how this expired passport demonstrates that he has suffered any hardship. Nor does he explain why this document contains a birth date that neither he nor the United States believe is correct.

"Certificates of naturalization are important documents—official documents on which governmental and private entities rely—and requests to alter a birth date on such important documents should not be treated lightly." *Bustos*, 2023 WL

[21] R. Doc. No. 1-5.
[22] R. Doc. No. 1, at 1.
[23] *Id.* at 2.
[24] R. Doc. No. 1-5.

4405119, at *2 (quoting *Hussain*, 541 F. Supp. 2d at 1090). Nguyen has provided scant evidence that the birth date on his naturalization certificate is incorrect. He has not demonstrated that the birth certificate he has produced for the Court is reliable, he has offered no proof as to how the alleged error on his naturalization certificate occurred, and he has not justified his delay in correcting it. "Whether the standard be 'unequivocal evidence' or 'clear and convincing evidence,' the Court is not persuaded that [Nguyen] has established that the requested amendment is warranted." *Id.*

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Nguyen's petition[25] is **DENIED**.

New Orleans, Louisiana, August 21, 2026.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

[25] R. Doc. No. 1.